JONES et al. v. F. A. HARDY & CO.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1910.)

No. 1,557.

PATENTS (§ 328*)—INFRINGEMENT—EYEGLASSES.

The Finch patent, No. 666,928, for eyeglasses, construed, and *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Edwin T. Jones and others against F. A. Hardy & Co. Decree for defendants, and complainants appeal. Affirmed.

For opinion below, see 162 Fed. 320.

H. P. Doolittle and Wm. M. Stockbridge, for appellants.

L. M. Hopkins, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. Appellants' bill for alleged infringement of patent No. 666,928, January 29, 1901, to Finch, assignor, was dismissed for want of equity on the ground that appellees' device did not infringe.

The claim reads:

"In eyeglasses the combination, with the eyeglass-frame or lens-mountings, of a bridge having bends at the extremities of its bow portion, said bends being substantially perpendicular to the plane of the lenses, and projections extending forwardly from the bends to the frame or lens-mountings, and spring-held lever-arms extending across the bridge, and suitably fulcrumed on the frame or mountings, their inner extremities or nose-pieces being normally spring-pressed toward the bow of the bridge, whereby there is co-operative gripping action between the nose-pieces of the lever-arms and the bow of the bridge, in a plane substantially perpendicular to that of the lenses."

The bridge described in the claim is the "saddle-bridge" of the prior art, quite generally used in spectacles; that is, in glasses having holding-arms that extend back over the ears of the wearer. Spring-held lever-arms, with nose-pieces at the inner ends thereof, were likewise old, and had frequently been used in eyeglasses or "nose-pincers." We find it unnecessary to set forth the prior art in relation to the controversy whether Finch was broadly entitled to a monopoly of the

combination of the saddle-bridge and spring-operated nose-pieces, for such a combination is not broadly claimed. The claim is distinctly limited to that combination of the elements in which there is a co-operative gripping action between the saddle-bridge and nose-pieces in a plane substantially perpendicular to that of the lenses. What kind of construction would afford this action is not set forth in the claim. We must therefore turn from the claim to the disclosure. Therein Finch said:

"My improvement embraces the combination of a saddle-bridge and a lever-guard having but a small bearing surface, namely, the disk, 10. The said bridge, which extends well down on the nose on both sides, supports the glasses, while the guard maintains the bridge in place and prevents the glasses from turning or falling forward. The small area of the guard-disk is amply sufficient for this purpose. The lever-guards heretofore used have been provided with a long bearing-surface which grips the nose on opposite sides and in some instances causes such irritation that the eyeglasses cannot be worn."

Finch's idea, as we gather it from reading the claim in connection with the specification, was that the saddle-bridge should support the eyeglasses just as it supported the spectacles, and that, just as the arms of the spectacles extending back over the ears in a plane substantially perpendicular to that of the lenses held the saddle-bridge firmly in place, so should his spring-operated nose-pieces by pulling back in a plane substantially perpendicular to that of the lenses hold the saddle-bridge firmly in place. This result was to be obtained and the objections to the long bearing-surfaces were to be obviated by the use of small bearing-surfaces that should grip the soft part of the nose between the eyes, and by their forward motion in the plane perpendicular to that of the lenses should draw the saddle-bridge back against the nose.

The action of appellants, who are extensive manufacturers of eyeglasses, in marketing saddle-bridge eyeglasses only in connection with spring-operated nose-pieces having long bearing-surfaces, might be considered as corroboration of appellees' expert's opinion that the combination of the Finch patent was for all practical purposes inoperative. But we will not pursue that inquiry, because appellees do not use the invention as we have defined it. Appellees' eyeglasses have the elongated nose-pieces which afford support independently of the bridge—a combination of saddle-bridge and nose-pieces beyond the letter and the spirit of Finch's patent.

The decree is affirmed.